1  LINDA VAN WINKLE DEACON (State Bar No. 60133)
   ldeacon@bpdzylaw.com
2  DAVID H. BATE (State Bar No. 133123)
   dbate@bpdzylaw.com
3  BATE, PETERSON, DEACON, ZINN & YOUNG LLP
   888 South Figueroa Street, Fifteenth Floor
4  Los Angeles, California  90017
   Telephone: (213) 362-1860
5  Facsimile:  (213) 362-1861

6

7  Attorneys for Defendants
   FREMONT GENERAL CORPORATION,
   FREMONT GENERAL CREDIT CORPORATION,
8  and FREMONT INVESTMENT & LOAN

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13  MATTHEW SCHEID and MELTON         )  Case No.  C07-06063 (CRB)
    MCCLANAHAN, JR., on behalf of     )
14  themselves and others similarly situated,) Assigned for all purposes to:
                                      )  Hon. Charles R. Breyer
15              Plaintiffs,           )
                                      )  **ANSWER TO COMPLAINT**
16         v.                         )
                                      )
17  FREMONT GENERAL                   )
    CORPORATION, a corporation,       )
18  FREMONT GENERAL CREDIT            )
    CORPORATION, a corporation, and   )
19  FREMONT INVESTMENT & LOAN,        )
    a corporation,                    )
20                                    )
                Defendants.           )
21                                    )
                                      )
22  _____   )

23

24      Defendants Fremont General Corporation, Fremont General Credit

25  Corporation and Fremont Investment & Loan (collectively, "Defendants"), hereby

26  answer the allegations of the Complaint in this action.

27

28

The numbered paragraphs below correspond to the paragraph numbers contained in Plaintiffs' Complaint. The headings used herein match those chosen by Plaintiffs; they are included for ease of reference only and constitute no admission or averment whatsoever.

## I.  INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendants admit that plaintiff Matthew Scheid was employed by defendant Fremont Investment & Loan from September, 2004 to April, 2007. Defendants admit that plaintiff Melton McClannahan, Jr. was employed by defendant Fremont Investment & Loan from June, 2004 to April, 2007. To the extent the remaining allegations of paragraph 1 of the Complaint consist of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly admitted, denied or averred herein, Defendants deny each and every allegation.

2. Answering paragraph 2 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly admitted, denied or averred herein, Defendants deny each and every allegation.

3. Answering paragraph 3 of the Complaint, Defendants deny each and every allegation.

4. Answering paragraph 4 of the Complaint, Defendants deny each and every allegation.

5. Answering paragraph 5 of the Complaint, Defendants deny each and every allegation.

1    6.   Answering paragraph 6 of the Complaint, Defendants deny each and every allegation.

2    7.   Answering paragraph 7 of the Complaint, Defendants deny each and every allegation.

3    8.   Answering paragraph 8 of the Complaint, Defendants deny each and every allegation.

4    9.   Answering paragraph 9 of the Complaint, Defendants deny each and every allegation.

5    10.  Answering paragraph 10 of the Complaint, Defendants deny each and every allegation.

## II. JURISDICTION

11.  Answering paragraph 11 of the Complaint, Defendants admit that Defendant Fremont General Corporation is a Nevada corporation. Except as expressly so admitted, Defendants deny each and every allegation.

12.  Answering paragraph 12 of the Complaint, Defendants admit that this court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' alleged claims arise under the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201 *et seq*. Except as so expressly admitted, Defendants deny each and every allegation.

## III. VENUE

13.  Answering paragraph 13 of the Complaint, Defendants admit that venue is proper in this District, although not necessarily for the reasons asserted by Plaintiffs. Except as so expressly admitted, Defendants deny each and every allegation.

14.  Answering paragraph 14 of the Complaint, Defendants admit that this case is properly assigned to the San Francisco/Oakland Division of the Northern

District of California, although not necessarily for the reasons asserted by Plaintiffs. Except as so expressly admitted, Defendants deny each and every allegation.

## IV.  PARTIES

15.    Answering paragraph 15 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation of Plaintiff Scheid's current residence, and on that basis deny the same. Defendants admit that Plaintiff Scheid was employed by Defendant Fremont Investment & Loan as an Account Executive in Concord, California from September, 2004 to April, 2007. Except as so expressly admitted or denied, Defendants deny each and every allegation.

16.    Answering paragraph 16 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation of Plaintiff McClanahan's current residence, and on that basis deny the same. Defendants admit that Plaintiff McClanahan was employed by Defendant Fremont Investment & Loan as an Account Executive in Concord, California from June, 2004 to April, 2007. Except as so expressly admitted or denied, Defendants deny each and every allegation.

17.    Answering paragraph 17 of the Complaint, Defendants admit that defendant Fremont Investment & Loan is a California corporation with its principal place of business in Brea, California. Defendants admit that Defendant Fremont Investment & Loan is a wholly owned subsidiary of Defendant Fremont General Credit Corporation. Defendants admit that Defendant Fremont General Credit Corporation is a wholly owned subsidiary of Defendant Fremont General Corporation. Defendants admit that Plaintiffs Scheid and McClanahan were employed by Defendant Fremont Investment & Loan in Concord, California. Defendants admit that Defendant Fremont Investment & Loan is an industrial bank and was formerly engaged in, among other businesses, the residential mortgage

1  lending business in California and in numerous other states throughout the United
2  States, usually through mortgage brokers. Except as so expressly admitted or
3  alleged, Defendants deny each and every allegation.
4      18. Answering paragraph 18 of the Complaint, Defendants admit that
5  Defendant Fremont General Credit Corporation is a California corporation, with its
6  principal place of business in Brea, California. Defendants admit that Defendant
7  Fremont Investment & Loan is a wholly owned subsidiary of Defendant Fremont
8  General Credit Corporation. Defendants admit that Defendant Fremont General
9  Credit Corporation is a wholly owned subsidiary of Defendant Fremont General
10  Corporation. Except as so expressly admitted, Defendants deny each and every
11  allegation.
12      19. Answering paragraph 19 of the Complaint, Defendants admit that
13  Defendant Fremont General Corporation is a Nevada corporation with its principal
14  place of business in Santa Monica, California. Defendants admit that Defendant
15  Fremont Investment & Loan is a wholly owned subsidiary of Defendant Fremont
16  General Credit Corporation. Defendants admit that Defendant Fremont General
17  Credit Corporation is a wholly owned subsidiary of Defendant Fremont General
18  Corporation. Except as so expressly admitted, Defendants deny each and every
19  allegation.
20      20. Answering paragraph 20 of the Complaint, Defendants deny each and
21  every allegation.
22
23                   V. <u>FACTUAL BACKGROUND</u>
24      21. Answering paragraph 21 of the Complaint, Defendants deny each and
25  every allegation.
26      22. Answering paragraph 22 of the Complaint, Defendants deny each and
27  every allegation.
28

1    23.    Answering paragraph 23 of the Complaint, Defendants deny each and every allegation.

2    24.    Answering paragraph 24 of the Complaint, to the extent that it contains legal conclusions, no response is required.  Otherwise, Defendants deny each and every allegation.

25.    Answering paragraph 25 of the Complaint, to the extent that it contains legal conclusions, no response is required.  Otherwise, Defendants deny each and every allegation.

26.    Answering paragraph 26 of the Complaint, Defendants to the extent that it contains legal conclusions, no response is required.  Otherwise, Defendants deny each and every allegation.

27.    Answering paragraph 27 of the Complaint, Defendants deny each and every allegation.

28.    Answering paragraph 28 of the Complaint, Defendants deny each and every allegation.

29.    Answering paragraph 29 of the Complaint, Defendants deny each and every allegation.

30.    Answering paragraph 30 of the Complaint, Defendants deny each and every allegation.

31.    Answering paragraph 31 of the Complaint, Defendants deny each and every allegation.

32.    Answering paragraph 32 of the Complaint, Defendants deny each and every allegation.

## VI.    COLLECTIVE ACTION ALLEGATIONS

33.    Answering paragraph 33 of the Complaint, to the extent that it contains legal conclusions, no response is required.  Otherwise, Defendants deny each and every allegation.

34.     Answering paragraph 34 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

35.     Answering paragraph 35 of the Complaint, to the extent that it contains legal conclusions, no response is required. Otherwise, Defendants deny each and every allegation.

## VII.  CLASS ACTION ALLEGATIONS

36.     Answering paragraph 36 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

37.     Answering paragraph 37 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

38.     Answering paragraph 38 of the Complaint, to the extent that it contains legal conclusions, no response is required. Otherwise, Defendants deny each and every allegation.

39.     Answering paragraph 39 of the Complaint, Defendants deny that Plaintiffs share common questions of law or fact with any appropriate class. Except as expressly denied or averred herein, Defendants deny each and every allegation.

1       40.     Answering paragraph 40 of the Complaint, Defendants deny that
2  Plaintiffs' claims are typical of those of the alleged class. Except as expressly denied
3  or averred herein, Defendants deny each and every allegation.

4       41.     Answering paragraph 41 of the Complaint, Defendants deny that
5  Plaintiffs are adequate class representatives.  Except as expressly denied or averred
6  herein, Defendants deny each and every allegation.

7       42.     Answering paragraph 42 of the Complaint, Defendants deny that class
8  certification is appropriate.  Except as expressly denied or averred herein,
9  Defendants deny each and every allegation.

10      43.     Answering paragraph 43 of the Complaint, Defendants deny that class
11 certification is appropriate.  Except as expressly denied or averred herein,
12 Defendants deny each and every allegation.

13

14              VIII.   <u>COLLECTIVE ACTION CLAIM</u>
15                           <u>FIRST CLAIM</u>
16                  DENIAL OF OVERTIME COMPENSATION
17                    [FLSA, 29 U.S.C. §§ 207, 211(c), 216(b)]

18      44.     Answering paragraph 44 of the Complaint, Defendants re-allege and
19 incorporate by reference its responses to paragraphs 1 through 35 of the Complaint,
20 as if fully set forth herein.

21      45.     Answering paragraph 45 of the Complaint, to the extent that it contains
22 legal conclusions, no response is required.  Otherwise, Defendants deny each and
23 every allegation.

24      46.     Answering paragraph 46 of the Complaint, Defendants deny each and
25 every allegation.

26      47.     Answering paragraph 47 of the Complaint, to the extent that it contains
27 legal conclusions, no response is required.  Otherwise, Defendants deny each and
28 every allegation.

8
Answer to Complaint

48. Answering paragraph 48 of the Complaint, Defendants deny each and every allegation.

49. Answering paragraph 49 of the Complaint, Defendants deny each and every allegation.

50. Answering paragraph 50 of the Complaint, Defendants deny each and every allegation.

51. Answering paragraph 51 of the Complaint, Defendants deny each and every allegation.

## IX. CLASS ACTION CLAIMS

### SECOND CLAIM

DENIAL OF OVERTIME COMPENSATION

[Cal. Labor Code §§ 510, 1194; Wage Order No. 4-2001]

52. Answering paragraph 52 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 32 and 36 through 43 of the Complaint, as if fully set forth herein.

53. Answering paragraph 53 of the Complaint, to the extent that it contains legal conclusions, no response is required. Otherwise, Defendants deny each and every allegation.

54. Answering paragraph 54 of the Complaint, Defendants deny each and every allegation.

55. Answering paragraph 55 of the Complaint, Defendants deny each and every allegation.

56. Answering paragraph 56 of the Complaint, Defendants deny each and every allegation.

57. Answering paragraph 57 of the Complaint, Defendants deny each and every allegation.

58. Answering paragraph 58 of the Complaint, Defendants deny each and every allegation.

59. Answering paragraph 59 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

## THIRD CLAIM

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

[Cal. Labor Code § 226]

60. Answering paragraph 60 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 32 and 36 through 43 of the Complaint, as if fully set forth herein.

61. Answering paragraph 61 of the Complaint, to the extent that it contains legal conclusions, no response is required. Otherwise, Defendants deny each and every allegation.

62. Answering paragraph 62 of the Complaint, Defendants deny each and every allegation.

63. Answering paragraph 63 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

///
///
///
///

## FOURTH CLAIM

### UNLAWFUL FAILURE TO PROVIDE ADEQUATE MEAL PERIODS

[Cal. Labor Code §§ 226.7, 512; Wage Order No. 4-2001, §§ 11(A), (B)]

64. Answering paragraph 64 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 32 and 36 through 43 of the Complaint, as if fully set forth herein.

65. Answering paragraph 65 of the Complaint, Defendants deny each and every allegation.

66. Answering paragraph 66 of the Complaint, Defendants deny each and every allegation.

67. Answering paragraph 67 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

## FIFTH CLAIM

### FAILURE TO REIMBURSE BUSINESS EXPENSES

[Cal. Labor Code § 2802]

68. Answering paragraph 68 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 32 and 36 through 43 of the Complaint, as if fully set forth herein.

69. Answering paragraph 69 of the Complaint, to the extent that it contains legal conclusions, no response is required. Otherwise, Defendants deny each and every allegation.

70. Answering paragraph 70 of the Complaint, Defendants deny each and every allegation.

1  71. Answering paragraph 71 of the Complaint, to the extent that it contains legal conclusions, no response is required. Otherwise, Defendants deny each and every allegation.

72. Answering paragraph 72 of the Complaint, Defendants deny each and every allegation.

73. Answering paragraph 73 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

## SIXTH CLAIM
## FAILURE TO PAY COMPENSATION
## AT TIME OF TERMINATION
[Cal. Labor Code §§ 201-203]

74. Answering paragraph 74 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 32 and 36 through 43 of the Complaint, as if fully set forth herein.

75. Answering paragraph 75 of the Complaint, to the extent that it contains legal conclusions, no response is required. Otherwise, Defendants deny each and every allegation.

76. Answering paragraph 76 of the Complaint, Defendants deny each and every allegation.

77. Answering paragraph 77 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

## SEVENTH CLAIM

## UNFAIR COMPETITION LAW - RESTITUTION

[Cal. Bus. & Prof. Code §§ 17200-17208]

78. Answering paragraph 78 of the Complaint, Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 32 and 36 through 43 of the Complaint, as if fully set forth herein.

79. Answering paragraph 79 of the Complaint, Defendants deny each and every allegation.

80. Answering paragraph 80 of the Complaint, Defendants deny each and every allegation.

81. Answering paragraph 81 of the Complaint, to the extent it consists of statements by Plaintiffs about their intentions in filing suit, the relief they seek, or their legal conclusions, Defendants lack knowledge and information sufficient to form a belief about the truth thereof, and on that basis deny the same. Except as expressly denied or averred herein, Defendants deny each and every allegation.

82. Defendants deny that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

83. Defendants respond to any remaining allegations in the Complaint, if there are any not responded to above, by denying each and every such allegation.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and under any applicable state law.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' Complaint and some or all of the purported claims for relief set forth therein are barred, in whole or in part, by the applicable two-year statute of

limitations under the FLSA, 29 U.S.C. § 255, and by the applicable state statutes of limitation, including but not limited to California Code of Civil Procedure Sections 338 and 340 and California Business and Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' Complaint and some or all of the purported claims for relief set forth therein are barred, in whole or in part, because Plaintiffs and the putative class members are exempt from payment of overtime compensation pursuant to one or more of the exemptions contained in the FLSA, 29 U.S.C. § 201 *et seq.*, including but not limited to the exemption for commission-paid employees, 29 U.S.C. § 207(i).

### FOURTH AFFIRMATIVE DEFENSE

4. The claims of Plaintiffs and the putative class members, and each of them, are barred, in whole or in part, Plaintiffs and the putative class members are exempt from the wage and hour laws of California pertaining to overtime, meals, rest, record keeping and wage payment, due to, among other exclusions or exemptions, the exemption for commission sales.

### FIFTH AFFIRMATIVE DEFENSE

5. Neither Plaintiffs nor the putative class members are entitled to any relief to the extent he or she forfeited his or her right to relief under the doctrines of laches or unclean hands, waived his or her rights, or is estopped from seeking the relief requested in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

6. By their own conduct, acts and omissions, Plaintiffs and the putative class members, and each of them, consented to and acquiesced in the conduct of Defendants, and each of them.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint and each purported Claim for Relief alleged therein are barred by the conduct, actions and inactions of Plaintiffs and the putative class members, and each of them, under the doctrine of ratification.

### EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint and each Claim for Relief alleged therein are barred because Plaintiffs lack standing to bring such causes of action.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs' claims on behalf of the general public are barred, in whole or in part, because Plaintiffs are not proper representatives for members of the general public with regard to the injuries complained of.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' application of the California Unfair Competition Law here violates constitutional due process because it cannot reasonably be determined what conduct is required or proscribed by the Unfair Competition Law.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The California Unfair Competition Law violates constitutional Separation of Powers clause because it purports, by statute, to improperly cede to private parties the powers of the executive branch of the Government, and to improperly delegate to the judiciary the powers of the legislative branch of the Government.

///
///
///

TWELFTH AFFIRMATIVE DEFENSE

12. Defendants presently have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses. Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

WHEREFORE, Defendants demand judgment enter as follows:

1. That Plaintiffs, and each of them, take nothing by reason of the Complaint herein;

2. That judgment be entered in favor of Defendants, and each of them;

3. For costs of suit incurred herein;

4. For reasonable attorneys' fees; and

5. For such other and further relief as this Court may deem just and proper.

DATED: January 25, 2008          BATE, PETERSON, DEACON, ZINN & YOUNG LLP


By: _____/s/_____
    LINDA VAN WINKLE DEACON

Attorneys for Defendants
FREMONT GENERAL CORPORATION,
FREMONT GENERAL CREDIT CORPORATION, and
FREMONT INVESTMENT & LOAN