ROBERTA L. STEELE, CA Bar No. 188198
rsteele@gdblegal.com
LAURA L. HO, CA Bar No. 173179
lho@gdblegal.com
JOSEPH E. JARAMILLO, CA Bar No. 178566
jjaramillo@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (fax)

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW SCHEID, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>FREMONT GENERAL CORPORATION, a corporation, et al.,<br><br>    Defendants. | CLASS/COLLECTIVE ACTION<br><br>Case No.:  C07-06063 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND DISCOVERY PLAN**<br><br>[Local Rule 3-16] |

Plaintiffs Matthew Scheid and Melton McClanahan ("Plaintiffs") and Defendants Fremont General Corporation, Fremont General Credit Corporation, and Fremont Investment & Loan ("Defendants" or "Fremont"), through their respective counsel, have conferred regarding discovery and case management issues, as required by Federal Rule of Civil Procedure 26(f), Northern District Civil Local Rules 16-9(a) and (b), and the Order Setting Initial Case Management Conference and ADR Deadlines entered by this Court on November 30, 2007.

In short, the parties have agreed upon a streamlined disclosure and discovery plan leading up to mediation with a private mediator on or before July 15, 2008, in an attempt to resolve this putative class and collective action at an early stage, without extensive and expensive discovery and motion practice prior to the mediation. Such an approach is particularly appropriate here because of Fremont's financial situation, which has been significantly impacted by the subprime mortgage crisis.

Accordingly, the parties request that the Court defer setting a trial date and pre-trial schedule, until after the parties hold their mediation.  The parties further request that the Court set a second Case Management Conference for shortly after the mediation for the parties to report back on the status of their settlement discussions and to schedule further case management deadlines if necessary at that time.

Below, the parties address the specific Case Management and Discovery Plan items required by the Standing Order:

1.    Jurisdiction and Service

The Complaint is a putative class/collective action brought by Plaintiffs alleging claims on behalf of themselves and a putative class of former Account Executive employees of Fremont for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and under California law.  The parties agree that this Court has federal question subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1337 and Section 16(b) of FLSA, 29 U.S.C. § 216(b).   The parties further agree that this Court has supplemental jurisdiction over Plaintiffs' California law claims pursuant to 28 U.S.C. § 1367 because they derive from a common nucleus of operative facts as the federal claims.

1  Defendants Fremont Investment & Loan was served on December 11, 2007, and Defendant

2  Fremont General Corporation was served on December 12, 2007; and Defendant Fremont General

3  Credit Corporation was served on December 26, 2007.  No other parties remain to be served.

4      2.    Facts

5      The Complaint was filed in this court on November 30, 2007.  Plaintiffs bring this case on

6  behalf of themselves and all Account Executives employed by Fremont in its California locations from

7  November 30, 2003 through May 30, 2007. Plaintiffs have brought this case as an opt-in collective

8  action under FLSA, and as a class action pursuant to Fed. R. Civ. P. 23 for their California law claims.

9  Plaintiffs each filed a "consent to join" the FLSA collective action on December 3, 2007.  Five other

10  former employees of Fremont (Gregory Galloway, Duc Uong, Christopher Foster, Masood Ghasemian,

11  and Harry James Harte III) have already opted into the FLSA claims by filing "consent to join" forms

12  in December 2007 and January 2008.

13      Plaintiffs allege that Fremont, among other things, originated, sold, transferred and assigned

14  residential real estate mortgages.  In the course of their employment with Fremont, Plaintiffs and the

15  Class Members contacted non-Fremont mortgage brokers and informed them of Fremont's residential

16  loan products.  Mortgage brokers obtained applications for Fremont residential loans from borrowers,

17  and forwarded them to the Account Executives, who reviewed them for completeness and submitted

18  them to Fremont's underwriters, who approved or denied the applications.  During the loan process,

19  Account Executives would work with mortgage brokers to pre-qualify borrowers, process applications,

20  and sell residential real estate mortgages.  Account Executives incurred business expenses in making

21  Fremont's products known to mortgage brokers through, among other things, mailings, cell phone

22  calls, meals, and gifts.  Plaintiffs and other "Account Executives" sold Fremont's residential real estate

23  mortgage products until Fremont withdrew from the mortgage lending business in March 2007.

24      The main factual issues in dispute include how account executives were classified, what job

25  duties were performed by Account Executives, whether and/or how many hours Account Executives

26  worked each day and week, how often Account Executives worked through meal periods, and whether

27  Account Executives had any necessarily-incurred business expensesand/or whether any such expenses

28  are reimbursable and/or remain unreimbursed.

1  Given the early nature of these proceedings, the above are the parties' best efforts to identify

2  the principle factual issues in dispute.  The parties reserve the right to identify additional factual issues

3  in dispute.

4  3.   Legal Issues

5  The primary legal issue in dispute is whether Fremont misclassified Plaintiffs and putative class

6  members as exempt from the federal and California overtime requirements.  Plaintiffs contend that

7  they and the putative class were not subject to any exemption under California or federal law.

8  Defendants contend that Account Executives were classified and paid as non-exempt employees, but in

9  any event were legally exempt under one or more of the exemptions from payment of overtime under

10  California law, including but not limited to the exemption for commission salespersons, and were

11  exempt under one or more of the exemptions from payment of overtime contained in the FLSA,

12  including but not limited to the exemption for commission-paid employees and/or highly compensated

13  workers provided by 29 U.S.C. § 207(i).

14  Additional legal issues include whether Fremont was required to provide off-duty meal periods,

15  and/or failed to provide them , whether Plaintiffs had any business expenses, and/or whether they had

16  some legitimate claims for reimbursement which were not paid, whether Fremont failed to pay all

17  wages due upon discharge, and whether Fremont was required to furnish itemized wage statements,

18  and/or whether it did so.

19  Other legal issues include:

20  a.   What, if any, damages are due under FLSA, including whether the applicable

21  statute of limitations is two or three years, whether Plaintiffs are entitled to liquidated damages, and the

22  proper overtime rate, if any, for overtime hours worked;

23  b.   What damages, if any, are due under California law, including whether Plaintiffs

24  were denied meal breaks and whether they can recover for missed meal periods, whether they incurred

25  and/or can recover unreimbursed business expenses, waiting time penalties, and wage statement

26  penalties;

27  c.   Whether Plaintiffs are entitled to injunctive and declaratory relief;

28

1    d.    Whether Plaintiffs and the putative class are "similarly situated" for FLSA

2 notice purposes under the FLSA, 29 U.S.C. §216(b); and

3    e.    Whether Plaintiffs meet the prerequisites for certification of a Rule 23 class

4 action for the California law claims.

5    Given the early nature of these proceedings, the above are the parties' best efforts to identify

6 the principle legal issues in dispute.  The parties reserve the right to identify additional legal issues in

7 dispute.

8    4.    Anticipated Motions

9    As noted above, the parties have agreed to attempt to resolve this case through private

10 mediation, on or before July 15, 2008, after an initial period of discovery.  If the case is not settled,

11 Plaintiffs anticipate filing a motion for collective action notice pursuant to 29 U.S.C. § 216(b) to notify

12 similarly situated employees of their right to opt into the claims brought under FLSA and that their

13 statute of limitations continues to run on their FLSA claim until they opt in.  Plaintiffs also anticipate

14 filing a motion for class certification of the California law claims (overtime, meal periods, wage

15 statements, and Unfair Competition Law).  Plaintiffs may also move to strike or dismiss certain of

16 Defendants' affirmative defenses.  Plaintiffs may also seek to add new or more named plaintiffs to this

17 action.  Plaintiffs also reserve the right to file dispositive motions based on the discovery produced in

18 the case.

19    5.    Amendment of Pleadings

20    The parties do not anticipate amending their pleadings at this time.  Plaintiffs may move to

21 strike or dismiss certain of Fremont's affirmative defenses, but will defer this motion until after the

22 proposed mediation.

23    6.    Evidence Preservation

24    Fremont withdrew from the residential mortgage lending business in March 2007 and sold

25 many of its businesses to various buyers.  Many of its documents and records have been transferred to

26 the entities that purchased the businesses, and/or stored in different locations.  Some of these records

27 were also taken under the custody and control of the Federal Deposit Insurance Corporation prior to

28 the initiation of this action.  Because the relevant Fremont business is no longer in operation and

17382-2

1  collective action and class members have not been employed by Fremont since May 2007, there is no

2  issue of preserving ongoing evidence.  Since being served in this action, Fremont has taken steps to

3  ensure that all records and data in its custody and control as of that date are preserved.

4      Plaintiffs have preserved all records and documents in their custody and control.

5      7.    Disclosures

6      The parties will exchange written initial disclosures by the normal deadline, which is March 28,

7  2008.  They will exchange copies of documents on or before April 28, 2008.   Initial disclosures will

8  contain the name and contact information for witnesses likely to have discoverable information

9  pertaining to class certification issues; a general description of the documents that may be used to

10  support the claims and defenses that pertain to class certification issues; and Plaintiffs' description of

11  how damages will be computed; and a copy of any insurance agreement that may cover any judgment

12  that may be entered in this action.

13      The extended deadline for document exchange was required to allow Fremont to locate as

14  many relevant documents as reasonably possible. Some documents have been difficult to find due to

15  the closing of Fremont's residential mortgage lending business in March 2007, which caused records

16  to be sent to storage in different locations.  The parties have agreed to exchange documents in the form

17  of electronic images on disc.

18      8.    Discovery

19      On March 13, 2008, counsel for the parties conducted a telephone conference pursuant to and

20  to discuss the matters required by Fed. R. Civ. P. 26(f).

21          a.    Phasing and Subject Matter of Discovery

22      The parties agree, at least for the time being, that discovery occurring prior to mediation and

23  prior to the Court ruling on class and/or collective action certification ("First Phase Discovery") should

24  focus on (1) enabling the parties effectively to prepare for and participate in a private mediation of this

25  action, (2) the named Plaintiffs, and (3) class and collective action issues.  The parties believe that the

26  allowance of approximately four months of discovery in advance of mediation, and prior to class and

27  collective-action certification proceedings, will increase the likelihood that mediation will be

28

17382-2

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND DISCOVERY PLAN - CASE NO.: C07-06063 CRB

1    productive.  If the mediation does not fully resolve the case, the parties will continue with First-Phase

2    Discovery and will promptly proceed to class and collective-action certification proceedings.

3        During First-Phase Discovery, Plaintiffs intend to pursue general written and testimonial

4    discovery regarding:  (1) the named Plaintiffs; (2) Fremont's compliance with the FLSA and California

5    wage and hour laws; (3) company policies and procedures regarding the classification of Account

6    Executives; (4) company policies, procedures and practices regarding recording of hours worked by

7    Account Executives; (5) the job tasks, assignments, duties and functions performed by Account

8    Executives; (6) formal and informal training received by Account Executives regarding how to

9    perform their job tasks, assignments, duties and functions; (7) hours worked and compensation paid to

10   Account Executives; (8) company policies, procedures and practices regarding the provision of meal

11   periods to Account Executives; and (9) company policies, procedures and practices regarding the

12   reimbursement of Account Executives' business expenses.

13       During First-Phase Discovery, Fremont intends to conduct written and testimonial discovery

14   regarding, among other things, the named Plaintiffs' individual and class liability and damages claims

15   and their contentions regarding class and collective action certification.

16       Second-Phase Discovery, if necessary, will commence after the Court rules on Plaintiffs' FLSA

17   Section 216(b) and Rule 23 certification motions and, in the event that the Court grants Plaintiffs'

18   FLSA Section 16(b) motion, after the period established for opt-in filings has expired.  The parties

19   propose that, prior to the commencement of Second-Phase Discovery, the parties would meet and

20   confer at a second Rule 26 conference for purposes of discussing, among other things, the additional

21   discovery necessary before trial, as well as additional deadlines for supplementing initial disclosures

22   and for expert disclosures and for filing motions (including any motion by Fremont to decertify any

23   class conditionally certified under FLSA Section 216(b)).  The parties would then submit a

24   supplemental Case Management Statement.  The parties also request that the Court hold another Case

25   Management Conference at that time.

26           b.    Electronic Discovery

27       Fremont possesses some records in electronic format.  Due to the closing of Fremont's

28   residential mortgage lending business in March 2007and the FDIC Consent Decree, records are

1  dispersed in the manner already described and Fremont has made and will continue to make its best

2  efforts to locate, review, and produce relevant records.

3      The parties have agreed to produce electronic records in their electronic format, where they are

4  accessible and readable in such format.  Where they are not, the parties will cooperate to produce

5  information that is accessible and usable in another format.

6              c.      Privilege and Privacy Issues

7      The parties will meet and confer regarding an appropriate protective order to cover privileged

8  documents and information protected by the right to privacy and submit a proposed order to the Court

9  no later than April 30, 2008.

10      In order to facilitate the parties' attempt at settlement, the parties are discussing whether they

11  can come to an agreement on (1) Plaintiffs' discovery request for the names and contact information of

12  putative FLSA collective action members; (2) Fremont's position that such information should be

13  produced to a mutually agreeable court-approved third party administrator to be held unless and until it

14  is directed to mail court-approved FLSA notice; (3) Fremont's position that such information should

15  only be produced for the time period of March 12, 2006 to March 12, 2008; and (4) the tolling of the

16  FLSA statute of limitations for any "similarly situated" individuals for the period leading up to and

17  including the date of mediation.  If such an agreement can be worked out, the parties would not have to

18  engage in any contentious discovery, prior to mediation, regarding the names and contact information

19  of putative FLSA collective action members, and Plaintiffs would not have to prepare for filing an

20  FLSA notice motion prior to mediation.

21              d.      Discovery Limitations

22      The parties do not propose any changes in the limitations on discovery imposed by the Federal

23  Rules of Civil Procedure or the Local Rules at this time.  They will, however, attempt to conduct

24  discovery on a streamlined basis, entertaining informal discovery requests and providing informal

25  responses where feasible and in the interest of efficiency, preserving resources, and moving toward a

26  resolution at the planned mediation session.

27

28

1    9.    Class Actions

2    As noted above, if the case is not settled as a result of the planned mediation session, Plaintiffs

3    anticipate filing a motion for collective action notice and a motion for class certification of the

4    California law claims (overtime, meal periods, wage statements, and Unfair Competition Law). The

5    scheduling of these motions should be deferred pending the outcome of the planned mediation session.

6    10.    Related Cases

7    The parties are not aware of any related cases pending before other Judges of this Court.

8    11.    Relief

9    Plaintiffs seek the following relief for themselves and all similarly situated individuals under

10    FLSA (1) unpaid overtime wages; (2) liquidated damages, or in the alternative, prejudgment interest;

11    and (3) reasonable attorneys' fees and costs. Plaintiffs also seek to recover under California law (1)

12    unpaid overtime wages (as restitution and as damages); (2) prejudgment interest; (3) waiting time

13    penalties; (4) one hour of pay for each day a required meal period was not provided; (5) liquidated

14    damages of up to $4,000 per individual for Fremont's failure to furnish required itemized wage

15    statements; (6) reimbursement of unpaid business expenses; and (7) reasonable attorneys' fees and

16    costs. Plaintiffs do not seek injunctive relief because Fremont no longer operates its residential

17    mortgage lending business.

18    The calculation of damages will depend primarily upon the number of hours worked by

19    Account Executives and their rates of pay. Plaintiffs cannot at this time calculate the monetary

20    demands because in order to do so, they need information regarding the total number of Account

21    Executives employed by Fremont, their dates of employment, their compensation, and their hours

22    worked. Most of the information is in Fremont's control. Plaintiffs must await Fremont's initial

23    disclosures and conduct additional discovery before they can determine the amount of monetary relief

24    they will seek.

25    12.    Settlement

26    As discussed above, the parties have agreed to attempt to settle this case with the help of a

27    private mediator, and will hold a mediation session on or before July 15, 2008. The parties have

28    narrowed the mediation provider to Mark Rudy of Rudy, Zieff & Exelrod or JAMS. The parties will

1   advise the Court of the completion and results of mediation by filing a Certification of Session in

2   compliance with Local ADR Rule 6-15. The parties do not currently wish to have a settlement

3   conference with another Judge or Magistrate Judge.

4          13.    Consent to Magistrate Judge for All Purposes

5          The parties do not currently wish to consent to a Magistrate Judge for all purposes.

6          14.    Other References

7          The parties do not believe this case is suitable for reference to binding arbitration, a Special

8   Master, or the Judicial Panel on Multidistrict Litigation.

9          15.    Narrowing of Issues

10          The parties are not prepared to narrow any issues at the present time through agreement, and do

11   not believe there are issues to be narrowed by motion. Plaintiffs may move to dismiss certain of

12   Fremont's affirmative defenses. Fremont intends to amend its answer to clarify some affirmative

13   defenses and add additional ones. Dispositive motions regarding Fremont's exemption defenses may

14   be appropriate after sufficient discovery has been conducted.

15          16.    Expedited Schedule

16          As noted above, the parties have agreed to attempt to resolve this case through private

17   mediation, on or before July 15, 2008, after an initial period of streamlined discovery.

18          17.    Scheduling

19          As discussed above, the parties believe it is premature to set a discovery cutoff, pretrial

20   conference and trial date. Instead, the parties request that they be allowed to file a supplemental case

21   management statement within 30 days after the planned mediation, which shall take place no later than

22   July 15, 2008.

23          18.    Trial

24          Plaintiffs have demanded a jury trial. The parties believe it is premature, prior to the Court's

25   ruling on Plaintiffs' collective action motion, motion for class certification, and anticipated summary

26   judgment motions, to consider the length of trial. Such pre-trial motions may focus and streamline the

27   issues for trial. Plaintiffs also anticipate requesting the Court to bifurcate the trial of liability and

28   damages in this case. The parties request that they be permitted to file a supplemental Case

1 | Management Statement regarding issues relating to trial, after the Court decides Plaintiffs' notice
2 | motion and class certification motion.
3 |      19.   <u>Disclosure of Non-party Interested Entities of Persons</u>
4 |      Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local
5 | Rule 3-16 (Plaintiffs filed it on January 10, 2008 and Defendants filed it on March 17, 2008).
6 | Plaintiffs report the named parties and the putative class as interested persons. Defendants report
7 | themselves as interested parties.

9 | Dated: March 28, 2008            Respectfully submitted,

10 |                           GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

12 |                           /s/ Joseph E. Jaramillo

13 |                           LAURA L. HO, CA Bar No. 173179
lho@gdblegal.com
ROBERTA L. STEELE, CA Bar No. 188198
rsteele@gdblegal.com
JOSEPH E. JARAMILLO, CA Bar No. 178566
jjaramillo@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (fax)

19 |                           ATTORNEYS FOR PLAINTIFFS AND THE CLASS

20 | Dated: March 28, 2008            BATE, PETERSON, DEACON, ZINN & YOUNG LLP

22 |                           /s/ Linda Van Winkle Deacon

23 |                           LINDA VAN WINKLE DEACON

24 |                           ATTORNEYS FOR DEFENDANTS
FREMONT GENERAL CORPORATION,
FREMONT GENERAL CREDIT CORPORATION, and
FREMONT INVESTMENT & LOAN