1   LINDA VAN WINKLE DEACON (State Bar No. 60133)
    ldeacon@bpdzylaw.com
2   DAVID H. BATE (State Bar No. 133123)
    dbate@bpdzylaw.com
3   BATE, PETERSON, DEACON, ZINN & YOUNG LLP
    888 South Figueroa Street, Fifteenth Floor
4   Los Angeles, California  90017
    Telephone: (213) 362-1860
5   Facsimile:  (213) 362-1861

6

7   Attorneys for Defendants
    FREMONT GENERAL CORPORATION
    FREMONT GENERAL CREDIT CORPORATION
8   FREMONT REORGANIZING CORPORATION fka
    FREMONT INVESTMENT & LOAN
9

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  MATTHEW SCHEID and MELTON MCCLANAHAN, JR., on behalf of themselves and others similarly situated, | Case No.  C07-06063 CRB |
| Plaintiffs, | Assigned for all purposes to: The Hon. Charles R. Breyer, Courtroom 8 |
| v. | **STIPULATED PROTECTIVE ORDER** |
| FREMONT GENERAL CORPORATION, a corporation, FREMONT GENERAL CREDIT CORPORATION, a corporation, and FREMONT INVESTMENT & LOAN, a corporation, | Action filed:  November 30, 2007 |
| Defendants. | |

24   1. <u>PURPOSES AND LIMITATIONS</u>

25       Disclosure and discovery activity in this action are likely to involve

26   production of confidential, proprietary, or private information for which special

27   protection from public disclosure and from use for any purpose other than

28   prosecuting this litigation would be warranted.  Accordingly, the parties hereby

stipulate to and petition the court to enter the following Stipulated Protective
Order.  The parties acknowledge that this Order does not confer blanket
protections on all disclosures or responses to discovery and that the protection it
affords extends only to the limited information or items that are entitled under the
applicable legal principles to treatment as confidential.  The parties further
acknowledge, as set forth in Section 10, below, that this Stipulated Protective
Order creates no entitlement to file confidential information under seal; Civil
Local Rule 79-5 sets forth the procedures that must be followed and reflects the
standards that will be applied when a party seeks permission from the court to file
material under seal.

## 2. DEFINITIONS

2.1    Party: any party to this action, including all of its officers,
directors, employees, consultants, retained experts, and outside counsel (and their
support staff).

2.2    Disclosure or Discovery Material:  all items or information,
regardless of the medium or manner generated, stored, or maintained (including,
among other things, testimony, transcripts, or tangible things) that are produced or
generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of
how generated, stored or maintained) or tangible things that qualify for protection
under standards developed under F.R.Civ.P.26(c).

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or
Items:  extremely sensitive "Confidential Information or Items" whose disclosure
to another Party or nonparty would create a substantial risk of serious injury that
could not be avoided by less restrictive means.

2.5    Receiving Party:  a Party that receives Disclosure or Discovery
Material from a Producing Party.

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.


3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

3

1 testimony, conversations, or presentations by parties or counsel to or in court or in
2 other settings that might reveal Protected Material.

3

4 ## 4. DURATION

5     Even after the termination of this litigation, the confidentiality obligations
6 imposed by this Order shall remain in effect until a Designating Party agrees
7 otherwise in writing or a court order otherwise directs.

8

9 ## 5. DESIGNATING PROTECTED MATERIAL

10     5.1   Exercise of Restraint and Care in Designating Material for
11 Protection. Each Party or non-party that designates information or items for
12 protection under this Order must take care to limit any such designation to specific
13 material that qualifies under the appropriate standards. A Designating Party must
14 take care to designate for protection only those parts of material, documents, items,
15 or oral or written communications that qualify – so that other portions of the
16 material, documents, items, or communications for which protection is not
17 warranted are not swept unjustifiably within the ambit of this Order.

18     Mass, indiscriminate, or routinized designations are prohibited. Designations
19 that are shown to be clearly unjustified, or that have been made for an improper
20 purpose (e.g., to unnecessarily encumber or retard the case development process,
21 or to impose unnecessary expenses and burdens on other parties), expose the
22 Designating Party to sanctions.

23     If it comes to a Party's or a non-party's attention that information or items
24 that it designated for protection do not qualify for protection at all, or do not
25 qualify for the level of protection initially asserted, that Party or non-party must
26 promptly notify all other parties that it is withdrawing the mistaken designation.

27     5.2   Manner and Timing of Designations. Except as otherwise
28 provided in this Order (see, e.g., second paragraph of section 5.2( a), below), or as

1  otherwise stipulated or ordered, material that qualifies for protection under this

2  Order must be clearly so designated before the material is disclosed or produced.

3                               Designation in conformity with this Order requires:

4                          (a)     for information in documentary form (apart from

5  transcripts of depositions or other pretrial or trial proceedings), that the Producing

6  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

7  ATTORNEYS' EYES ONLY" at the top of each page that contains protected

8  material. If only a portion or portions of the material on a page qualifies for

9  protection, the Producing Party also must clearly identify the protected portion(s)

10  (e.g., by making appropriate markings in the margins) and must specify, for each

11  portion, the level of protection being asserted (either "CONFIDENTIAL" or

12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

13                       A Party or non-party that makes original documents or

14  materials available for inspection need not designate them for protection until after

15  the inspecting Party has indicated which material it would like copied and

16  produced. During the inspection and before the designation, all of the material

17  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

19  documents it wants copied and produced, the Producing Party must determine

20  which documents, or portions thereof, qualify for protection under this Order, then,

21  before producing the specified documents, the Producing Party must affix the

22  appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

24  Material.  If only a portion or portions of the material on a page qualifies for

25  protection, the Producing Party also must clearly identify the protected portion(s)

26  (e.g., by making appropriate markings in the margins) and must specify, for each

27  portion, the level of protection being asserted (either "CONFIDENTIAL" or

28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

1        (b)    for testimony given in deposition or in other pretrial or

2  trial proceedings, that the Party or non-party offering or sponsoring the testimony

3  identify on the record, before the close of the deposition, hearing, or other

4  proceeding, all protected testimony, and further specify any portions of the

5  testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6  ONLY."  When it is impractical to identify separately each portion of testimony

7  that is entitled to protection, and when it appears that substantial portions of the

8  testimony may qualify for protection, the Party or non-party that sponsors, offers,

9  or gives the testimony may invoke on the record (before the deposition or

10  proceeding is concluded) a right to have up to 20 days to identify the specific

11  portions of the testimony as to which protection is sought and to specify the level

12  of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

13  – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are

14  appropriately designated for protection within the 20 days shall be covered by the

15  provisions of this Stipulated Protective Order.

16        Transcript pages containing Protected Material must be

17  separately bound by the court reporter, who must affix to the top of each such page

18  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

19  EYES ONLY," as instructed by the Party or non-party offering or sponsoring the

20  witness or presenting the testimony.

21        (c)    for information produced in some form other than

22  documentary and for any other tangible items, that the Producing Party affix in a

23  prominent place on the exterior of the container or containers in which the

24  information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

26  information or item warrant protection, the Producing Party, to the extent

27  practicable, shall identify the protected portions, specifying whether they qualify as

28  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

1        5.3   <u>Inadvertent Failures to Designate.</u> If timely corrected, an

2  inadvertent failure to designate qualified information or items as "Confidential" or

3  "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the

4  Designating Party's right to secure protection under this Order for such material.  If

5  material is appropriately designated as "Confidential" or "Highly Confidential –

6  Attorneys' Eyes Only" after the material was initially produced, the Receiving

7  Party, on timely notification of the designation, must make reasonable efforts to

8  assure that the material is treated in accordance with the provisions of this Order.

9

10      6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS.</u>

11       6.1   <u>Timing of Challenges.</u>  Unless a prompt challenge to a

12  Designating Party's confidentiality designation is necessary to avoid foreseeable

13  substantial unfairness, unnecessary economic burdens, or a later significant

14  disruption or delay of the litigation, a Party does not waive its right to challenge a

15  confidentiality designation by electing not to mount a challenge promptly after the

16  original designation is disclosed.

17       6.2   <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a

18  Designating Party's confidentiality designation must do so in good faith and must

19  begin the process by conferring directly (in voice to voice dialogue; other forms of

20  communication are not sufficient) with counsel for the Designating Party.  In

21  conferring, the challenging Party must explain the basis for its belief that the

22  confidentiality designation was not proper and must give the Designating Party an

23  opportunity to review the designated material, to reconsider the circumstances,

24  and, if no change in designation is offered, to explain the basis for the chosen

25  designation.  A challenging Party may proceed to the next stage of the challenge

26  process only if it has engaged in this meet and confer process first.

27       6.3   <u>Judicial Intervention.</u>  A Party that elects to press a challenge to

28

1    a confidentiality designation after considering the justification offered by the

2    Designating Party may file and serve a motion under Civil Local Rule 7 (and in

3    compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

4    material and sets forth in detail the basis for the challenge.  Each such motion must

5    be accompanied by a competent declaration that affirms that the movant has

6    complied with the meet and confer requirements imposed in the preceding

7    paragraph and that sets forth with specificity the justification for the confidentiality

8    designation that was given by the Designating Party in the meet and confer

9    dialogue.

10          The burden of persuasion in any such challenge proceeding shall be on the

11    Designating Party.  Until the court rules on the challenge, all parties shall continue

12    to afford the material in question the level of protection to which it is entitled under

13    the Producing Party's designation.

14

15          7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL.</u>

16          7.1    <u>Basic Principles.</u>  A Receiving Party may use Protected

17    Material that is disclosed or produced by another Party or by a non-party in

18    connection with this case only for prosecuting, defending, or attempting to settle

19    this litigation.  Such Protected Material may be disclosed only to the categories of

20    persons and under the conditions described in this Order.  When the litigation has

21    been terminated, a Receiving Party must comply with the provisions of section 11,

22    below (FINAL DISPOSITION).

23          Protected Material must be stored and maintained by a Receiving

24    Party at a location and in a secure manner that ensures that access is limited to the

25    persons authorized under this Order.

26          7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless

27    otherwise ordered by the court or permitted in writing by the Designating Party, a

28

Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) - House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation, and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed.

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)    the author of the document or the original source of information.

7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts."

(a)    Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written
2  request to the Designating Party that (1) identifies the specific HIGHLY
3  CONFIDENTIAL information that the Receiving Party seeks permission to
4  disclose to the Expert, (2) sets forth the full name of the Expert and the city and
5  state of his or her primary residence, (3) attaches a copy of the Expert's current
6  resume, (4) identifies the Expert's current employer(s), (5) identifies each person or
7  entity from whom the Expert has received compensation for work in his or her
8  areas of expertise or to whom the expert has provided professional services at any
9  time during the preceding five years, and (6) identifies (by name and number of the
10  case, filing date, and location of court) any litigation in connection with which the
11  Expert has provided any professional services during the preceding five years.
12          (b)     A Party that makes a request and provides the
13  information specified in the preceding paragraph may disclose the subject
14  Protected Material to the identified Expert unless, within seven court days of
15  delivering the request, the Party receives a written objection from the Designating
16  Party. Any such objection must set forth in detail the grounds on which it is based.
17          ( c)    A Party that receives a timely written objection must
18  meet and confer with the Designating Party (through direct voice to voice
19  dialogue) to try to resolve the matter by agreement. If no agreement is reached, the
20  Party seeking to make the disclosure to the Expert may file a motion as provided in
21  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)
22  seeking permission from the court to do so. Any such motion must describe the
23  circumstances with specificity, set forth in detail the reasons for which the
24  disclosure to the Expert is reasonably necessary, assess the risk of harm that the
25  disclosure would entail and suggest any additional means that might be used to
26  reduce that risk. In addition, any such motion must be accompanied by a
27  competent declaration in which the movant describes the parties' efforts to resolve
28  the matter by agreement (i.e., the extent and the content of the meet and confer

1   discussions) and sets forth the reasons advanced by the Designating Party for its
2   refusal to approve the disclosure.

3              In any such proceeding the Party opposing disclosure to the
4   Expert shall bear the burden of proving that the risk of harm that the disclosure
5   would entail (under the safeguards proposed) outweighs the Receiving Party's need
6   to disclose the Protected Material to its Expert.

7

8      8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>
9   <u>PRODUCED IN OTHER LITIGATION.</u>

10             If a Receiving Party is served with a subpoena or an order issued in
11  other litigation that would compel disclosure of any information or items
12  designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
13  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating
14  Party, in writing (by fax, if possible) immediately and in no event more than three
15  court days after receiving the subpoena or order.  Such notification must include a
16  copy of the subpoena or court order.

17             The Receiving Party also must immediately inform in writing the
18  Party who caused the subpoena or order to issue in the other litigation that some or
19  all the material covered by the subpoena or order is the subject of this Protective
20  Order.  In addition, the Receiving Party must deliver a copy of this Stipulated
21  Protective Order promptly to the Party in the other action that caused the subpoena
22  or order to issue.

23             The purpose of imposing these duties is to alert the interested parties
24  to the existence of this Protective Order and to afford the Designating Party in this
25  case an opportunity to try to protect its confidentiality interests in the court from
26  which the subpoena or order issued. The Designating Party shall bear the burdens
27  and the expenses of seeking protection in that court of its confidential material –
28

1    and nothing in these provisions should be construed as authorizing or encouraging

2    a Receiving Party in this action to disobey a lawful directive from another court.

3

4        9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

5        If a Receiving Party learns that, by inadvertence or otherwise, it has

6    disclosed Protected Material to any person or in any circumstance not authorized

7    under this Stipulated Protective Order, the Receiving Party must immediately (a)

8    notify in writing the Designating Party of the unauthorized disclosures, (b) use its

9    best efforts to retrieve all copies of the Protected Material, (c) inform the person or

10    persons to whom unauthorized disclosures were made of all the terms of this

11    Order, and (d) request such person or persons to execute the "Acknowledgment

12    and Agreement to Be Bound" that is attached hereto as Exhibit A.

13

14        10. <u>FILING PROTECTED MATERIAL.</u>  Without written permission

15    from the Designating Party or a court order secured after appropriate notice to all

16    interested persons, a Party may not file in the public record in this action any

17    Protected Material. A Party that seeks to file under seal any Protected Material

18    must comply with Civil Local Rule 79-5.

19

20        11. <u>FINAL DISPOSITION.</u>  Unless otherwise ordered or agreed in

21    writing by the Producing Party, within sixty days after the final termination of this

22    action, each Receiving Party must return all Protected Material to the Producing

23    Party.  As used in this subdivision, "all Protected Material" includes all copies,

24    abstracts, compilations, summaries or any other form of reproducing or capturing

25    any of the Protected Material.  With permission in writing from the Designating

26    Party, the Receiving Party may destroy some or all of the Protected Material

27    instead of returning it.  Whether the Protected Material is returned or destroyed, the

28    Receiving Party must submit a written certification to the Producing Party (and, if

1    not the same person or entity, to the Designating Party) by the sixty day deadline

2    that identifies (by category, where appropriate) all the Protected Material that was

3    returned or destroyed and that affirms that the Receiving Party has not retained any

4    copies, abstracts, compilations, summaries or other forms of reproducing or

5    capturing any of the Protected Material.  Notwithstanding this provision, Counsel

6    are entitled to retain an archival copy of all pleadings, motion papers, transcripts,

7    legal memoranda, correspondence or attorney work product, even if such materials

8    contain Protected Material. Any such archival copies that contain or constitute

9    Protected Material remain subject to this Protective Order as set forth in Section 4

10   (DURATION), above.

11

12       12. MISCELLANEOUS

13            12.1   Right to Further Relief.  Nothing in this Order abridges

14   the right of any person to seek its modification by the Court in the future.

15            12.2   Right to Assert Other Objections.  By stipulating to the

16   entry of this Protective Order no Party waives any right it otherwise would have to

17   object to disclosing or producing any information or item on any ground not

18   addressed in this Stipulated Protective Order.  Similarly, no Party waives any right

19   to object on any ground to use in evidence of any of the material covered by this

20   Protective Order.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Stipulated Protective Order

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  DATED:  August 7, 2008          GOLDSTEIN, DEMCHAK, BALLER,
3                                                   BORGEN & DARDARIAN

4                                                   By: _____
5                                                        Roberta L. Steele
                                                          Laura Ho, Esq.
6                                                        Joseph Jaramillo, Esq.

7
8                                                   Attorneys for Plaintiffs
                                                     MATTHEW SCHEID and
9                                                   MELTON MCCLANAHAN,
                                                     JR., on behalf of themselves and
10                                                  others similarly situated

11

12

13  DATED:  August 7, 2008          BATE, PETERSON, DEACON, ZINN
                                                     & YOUNG LLP
14
15                                                  By: _____
                                                                   DAVID H. BATE
16
17                                                  Attorneys for Defendants
                                                     FREMONT GENERAL
18                                                  CORPORATION, FREMONT
                                                     GENERAL CREDIT
19                                                  CORPORATION, AND
                                                     FREMONT REORGANIZING
20                                                  CORPORATION fka
                                                     FREMONT INVESTMENT &
21                                                  LOAN
22

23  PURSUANT TO STIPULATION, IT IS SO ORDERED.
24

25  DATED: _____
26
                                                     _____
27                                                  Charles R. Breyer
                                                     United States District/Magistrate Judge
28

15
Stipulated Protective Order